IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WELLS FARGO BANK NA,

    Plaintiff,

v.   CASE NO. 1:11-cv-00127-MP-GRJ

BBMJ, LLC, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on doc. 13, Motion to Dismiss Plaintiff's Complaint by Keith Brooking.  Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") brought the instant suit for breach of contract and unjust enrichment against Defendants BBMJ, LLC, William Brooks, Keith Brooking, Christopher G. Mohr, and Douglas Johnson, Jr.  Wells Fargo alleges that BBMJ defaulted under the terms of two loans extended to BBMJ by Wells Fargo's predecessor and that Brooks, Brooking, Mohr, and Johnson violated their personal guarantees to repay the loans.  For the following reasons, Brooking's motion to dismiss should be denied.

Wells Fargo is the successor-by-merger to Wachovia Bank, N.A., which extended two loans to BBMJ, one for $1,395,000.00 and one for $695,000.00.  (Doc. 1 at 3).  The loans are evidenced by two promissory notes executed by BBMJ on August 12, 2008.  (Doc. 1 at 2-3).  As inducement for Wells Fargo to make the loans to BBMJ, Brooks, Brooking, Mohr, and Johnson each guaranteed to pay all obligations of BBMJ to Wells Fargo under the notes.  (Doc. 1 at 4-5).  According to Wells Fargo, BBMJ has defaulted on the loans and the Guarantors have failed to fulfill their obligations to pay

under the guarantees.

In his motion to dismiss, Brooking argues that Plaintiff's claim for unjust enrichment must be dismissed because under Florida law a plaintiff cannot pursue a claim for unjust enrichment where an express contract exists and offers entitlement to relief.  *Kovtan v. Frederiksen*, 449 So. 2d 1 (Fla. Dist. Ct. App.  1984); *In re Estate of Lonstein*, 433 So. 2d 672, 674 (Fla. Dist. Ct. App.1983) ("[t]he law will not imply a contract where a valid express one exists").

While a party cannot recover for unjust enrichment and breach of an express contract, a party is entitled under the Federal Rules of Civil Procedure to plead in the alternative.  Rule 8 of the Federal Rules of Civil Procedure, provides in relevant part that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically . . . regardless of consistency." Fed. R. Civ. P. 8(d)(2)-(3).  Thus, a plaintiff's unjust enrichment claim does not fail simply because there is an additional count in the complaint alleging that an express contract exists.

Wells Fargo's theory of unjust enrichment does not drop out under Florida law until an express contract is proven.  *See ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1565-66 (S.D. Fla. 1997) ("Under Florida law, a party may simultaneously allege the existence of [a] contract and seek equitable relief under the theory of unjust enrichment. . . . However, upon a showing that an express contract exists, the quasi-contract claim fails.").  Wells Fargo has alleged the existence of a contract (the guarantee) between it and Brooking and has provided a copy of the agreement.  At this point in the case, however, the existence of the contract has not been proven.  Nor has Brooking admitted to its existence.  Until the contract is proven or acknowledged by

Brooking, Defendant's motion to dismiss Plaintiff's claim for unjust enrichment on the grounds that Wells Fargo has an available legal remedy through the Guaranty is premature. *Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*, 982 F.Supp. 873, 880 (S.D. Fla. 1997).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that defendant Brooking's motion to dismiss plaintiff's unjust enrichment claim (doc. 13) be DENIED.

**IN CHAMBERS** this 9th day of February 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:11-cv-00127-MP-GRJ*