IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WELLS FARGO BANK NA,

    Plaintiff,

v.            CASE NO. 1:11-cv-00127-MP-GRJ

BBMJ, LLC, et al.,

    Defendants.

_____/

## ORDER

This matter is before the court on Defendants' Motion for a More Definite Statement. (Doc. 12). Plaintiff Wells Fargo Bank, N.A. (Wells Fargo) brought the instant suit for breach of contract and unjust enrichment against defendants BBMJ, LLC, William Brooks, Keith Brooking, Christopher G. Mohr, and Douglas Johnson, Jr. Wells Fargo alleges that BBMJ violated the terms of two loans that they made to it, and that Brooks, Brooking, Mohr, and Johnson violated their personal guarantees to repay the loans. For the following reasons, defendants' motion for more definite statement should be denied.

Wells Fargo is the successor-by-merger to Wachovia Bank, N.A., which made two loans to BBMJ, one for $1,395,000.00 and one for $695,000.00. (Doc. 1 at 3). The loans were secured by two promissory notes executed by BBMJ on August 12, 2008. (Doc. 1 at 2-3). As inducement for Wells Fargo to make the loans to BBMJ, Brooks, Brooking, Mohr, and Johnson each guaranteed to pay all obligations of BBMJ to Wells Fargo under the notes. (Doc. 1 at 4-5). According to Wells Fargo, BBMJ has defaulted on the loans and the guarantors have failed to fulfill their obligations to pay under their

guarantees.  According to the defendants, Wells Fargo's complaint "is vague, ambiguous, and at times contradictory, to the extent that defendants cannot reasonabl[y] be required to frame a responsive pleading . . ."  (Doc. 13 at 1).

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading . . ."  The typical scenario in which a motion for a more definite statement is appropriate is when a plaintiff submits a so-called "shotgun" pleading.  *See Anderson v. District Bd. Of Trustees of Cent. Florida Community Community College*, 77 F.3d 364, 366 (11th Cir. 1996).  Such pleadings are normally jumbled and unorganized, such "that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Id.*  As Wells Fargo notes in its response to defendants' motion, this Court has previously recognized that "[a] motion for a more definite statement 'attacks unintelligibility in a pleading, not simply mere lack of detail.'"  *Hurtado v. North Florida Health Care Assocs.*, LLC, 2010 WL 5055939, at *2 (N.D. Fla. 2010) (citing *Davis v. Santa Barbara High School District*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998)).  In light of liberal discovery practices, motions for a more definite statement are generally disfavored.  *See Ardaman & Assocs., Inc v. Travelers Cas. And Sur. Co. of Am.*, 2009 WL 161203, at *3 (N.D. Fla. 2009).

Defendants present two arguments as to why they believe a motion for more definite statement is warranted.  First, they argue that the complaint is overly ambiguous because it "does not state what payments have not been made [on the loans], their amounts, or their alleged due date(s)."  (Doc. 1 at 2).  The lack of these specific details

does not justify the grant of a motion for more definite statement.  As noted, the purpose of a more definite statement is to rectify unintelligibility in a complaint, not to provide more details that can reasonably be left to discovery.  Here, Wells Fargo has made the straight-forward claim that BBMJ failed to make required loan payments as agreed in the contract between Wells Fargo and BBMJ.  It cannot be said that the lack of details regarding the amounts and due dates of these payments renders the complaint so unintelligible as to make it impossible for defendants to frame a responsive pleading.

Defendants go on to describe what they consider to be another ambiguity in the complaint.  When alleging that BBMJ has breached the loan agreements under the notes, Wells Fargo states that BBMJ is in breach for, "among other things, failure to make payments when due."  (Doc. 1 at 5-6).  Along similar lines, when alleging that the guarantors have breached their agreements to repay the loans, Wells Fargo alleges that each guarantor is "in breach under the terms of the Guaranty for, among other things, failure to pay the amounts owing on the [l]oans."  (Doc. 1 at 7-10).  Defendants claim that the use of the phrase "among other things" renders Wells Fargo's complaint unintelligible because it suggests that there are other grounds for breach without giving defendants sufficient notice of those grounds.  However, a review of the record puts this phrase in context and removes any ambiguity.   In its complaint, Wells Fargo refers to a letter that it sent to defendants notifying them of a breach under the  notes.  (Doc. 1 at 4).  The letter states:

> Pursuant to Notes, BBMJ, LLC . . . is required to deliver to Wells Fargo "such information as [Wells Fargo] may reasonably request from time to time, including without limitation, financial statements and information relating to Borrower's financial condition."  Pursuant to the guarantees of the Notes, each guarantor . . . is required to deliver annual personal financial statements to

Wells Fargo.  (Doc. 1, Exhibit D).

The letter goes on to inform defendants that they are in breach of these provisions of the notes and guarantees.  Further, it is clear from the text of the present motion that defendants are aware of the contents of the letter and Wells Fargo's allegation of breach on these grounds.  (Doc. 12 at 2).  When Wells Fargo uses the phrase "among other things," it is reasonable to infer that it means the alleged failure of defendants to provide financial statements as agreed under the notes and guarantees.

In light of the above considerations, it cannot be said that Wells Fargo's complaint is so ambiguous as to render it unintelligible.

Accordingly, upon due consideration, it is **ORDERED** that:

1.  Defendants' motion for more definite statement, (Doc. 12) is  **DENIED**.

2.  Defendants BBMJ, LLC, William Brooks, Keith Brooking, Christopher G. Mohr and Douglas Johnson, Jr. shall file their answers to the complaint within **fourteen (14) days** from the date of this order.

**DONE AND ORDERED** this 9th day of February 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge